# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION OF
MICHIGAN, *et al.*,

      *Plaintiffs*,

      v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.*,

      *Defendants*.

Civil Action No. 25-00184 (AHA)

## Memorandum Opinion and Order

The American Civil Liberties Union of Michigan and its fund (together "ACLU") brought

this suit against U.S. Immigration and Customs Enforcement ("ICE") and its director, as well as

the U.S. Department of Homeland Security and its Secretary, challenging a final agency rule that

forbids state and local jails from disclosing information about people that they detain for ICE. The

ACLU claims that rule exceeds ICE's statutory authority and is arbitrary and capricious in

violation of the Administrative Procedure Act ("APA"). The government moves to dismiss the

complaint, arguing the ACLU lacks standing and cannot bring an APA claim because the Freedom

of Information Act ("FOIA") provides an adequate remedy. The court denies the motion.

## I.    Background[1]

According to the complaint, ICE contracts with county jails across the country to detain

people on ICE's behalf. ECF No. 1 ¶ 29. The jails use largely the same intake, medical, dietary,

---

[1]   As required at this stage, the court accepts the complaint's well-pled allegations as true and draws all reasonable inferences in the ACLU's favor. *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

and disciplinary procedures for ICE detainees as for people detained on state criminal charges. *Id.* In Michigan, four county jails detain people for ICE, with the largest number being held at Calhoun County Correctional Facility. *Id.* ¶ 31.

In 2003, the Immigration and Naturalization Service (ICE's predecessor) adopted a rule prohibiting state and local government entities that detain people for the agency from disclosing any information related to those detainees. *Id.* ¶¶ 20–23. The rule says that such information shall be controlled by the agency, and "subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations and executive orders." *Id.* ¶ 20; 8 C.F.R. § 236.6.

The ACLU of Michigan sponsors legal representation for people in immigration detention and provides assistance to immigration attorneys and advocates. *Id.* ¶ 28. As part of this work, it routinely seeks records on ICE detainees from county jails, including booking and intake forms, documentation of medical treatment, disciplinary records, and recordings of interactions with jail staff. *Id.* ¶¶ 28, 38, 55, 60. The complaint describes the ACLU's multiple attempts to get county records about ICE detainees through state records requests. *Id.* ¶¶ 37–49, 53–58. In one instance, the county jail denied the ACLU's records request and relied on ICE's rule in litigation as its primary theory for denying the request. *Id.* ¶¶ 37–45. The county produced the records only after ICE consented several years into litigation. *Id.* ¶¶ 45–46. In another instance, the county denied the ACLU's request and told the ACLU it had to send a FOIA request to ICE. *Id.* ¶¶ 53–58. The ACLU also tried to negotiate with the county to establish a policy for processing records requests related to ICE detainees. *Id.* ¶ 48. Although the county expressed openness, ICE rejected the idea and told the county to keep using its rule to deny records requests. *Id.* The county maintains that ICE's rule prohibits it from releasing any ICE detainee records. *Id.*

In addition to its state records requests, the ACLU has tried, but failed, to get these county records through federal FOIA requests. *Id.* ¶¶ 34, 50–52, 59–62. According to the complaint, the relevant records are kept only by county jails and, although one jail has indicated it would produce them to ICE upon request, ICE has not adopted any procedure to request the records. *Id*. ¶¶ 6, 49. As a result, when the ACLU sought to obtain county records in a federal FOIA case, ICE did not produce them because it does not have them. *Id.* ¶¶ 6, 34, 50–52.

The ACLU filed this suit, challenging ICE's rule prohibiting state and local entities from disclosing ICE detainee records as arbitrary and capricious and in excess of the agency's statutory authority in violation of the APA. *See* 5 U.S.C. § 706(2)(A), (C). The government moves to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 21.

## II. Discussion

To survive dismissal under Rule 12(b)(1), a plaintiff must show that the court has subject-matter jurisdiction to hear their claim. *See Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). That includes pleading facts that demonstrate the plaintiff has standing to bring the claims asserted. *Abulhawa v. Dep't of Treasury*, No. 17-5158, 2018 WL 3446699, at *2 (D.C. Cir. 2018); *see also* Fed. R. Civ. P. 8(a). To survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In assessing whether to dismiss on the pleadings under these rules, the court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's

favor. *Tanner-Brown v. Haaland*, 105 F.4th 437, 443 (D.C. Cir. 2024) (subject matter jurisdiction); *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (failure to state a claim).

### A. The ACLU Plausibly Alleges Standing To Challenge ICE's Rule

The government argues that the ACLU lacks standing to bring its claims because its alleged injuries are too speculative. ECF No. 21 at 7–9. "To establish Article III standing, the plaintiff must have suffered an injury in fact that 'is fairly traceable to the challenged action of the defendant' and it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Banner Health v. Price*, 867 F.3d 1323, 1333–34 (D.C. Cir. 2017) (quoting *Friends of the Earth v. Laidlaw Env't Servs.*, 528 U.S. 167, 180–81 (2000)). To satisfy Article III's injury in fact requirement, an injury must be "concrete and particularized" and "actual or imminent." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff can plead standing based on future injury if they plausibly allege the injury is "certainly impending" or there is a "'substantial risk' that the harm will occur." *Id*. (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)).

Here, the ACLU plausibly alleges a concrete and particularized injury that is substantially likely to reoccur. The ACLU alleges that seeking access to detainee records is part of its regular practice, and that it will continue seeking records about ICE detainees by sending state public records requests to local jails. *Id*. ¶¶ 28, 33, 36–37, 54, 68–71. And the ACLU alleges ICE's rule has concretely interfered with that practice, offering specific examples where the ACLU sought county jail records and ICE's rule was invoked as justification for not providing the records. *See id*. ¶¶ 37–49, 53–58. The ACLU has accordingly plausibly alleged that it has been concretely injured by ICE's rule and that the injuries will continue. *See Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998) (holding that plaintiffs' inability to obtain certain information was a concrete injury); *Columbia Gulf Transmission, LLC v. FERC*, 106 F.4th 1220, 1229 (D.C. Cir. 2024)

4

(explaining that "recurring past problems" and the "lack of any material change" established a "substantial risk" of future injuries).[2]

The government asserts there is no Article III "case or controversy" because the ACLU does not have a FOIA case that is currently pending before this court. ECF No. 21 at 8. The government seems to have difficulty grounding that argument in any law or doctrine, citing no meaningful support, and making generalized statements that the absence of a FOIA suit means that an APA challenge to ICE's rule would be an "advisory opinion." *Id.* This argument makes little sense. The ACLU alleges it is being denied access to records maintained by county jails because of ICE's rule. It is hard to see how filing a FOIA case in this court has any effect on whether the ACLU can sue based on that injury.

## B. The ACLU Plausibly Alleges There Is No Other Adequate Remedy

The government argues that even if the ACLU has standing, it does not state an APA claim because the APA authorizes judicial review only if "there is no other adequate remedy in a court" and, here, FOIA is an adequate remedy. 5 U.S.C. § 704; *see* ECF No. 21 at 5–7. This argument is not persuasive.

The APA's preclusion of judicial review when there is another adequate remedy "reflects Congress' judgment that 'the general grant of review in the APA' ought not 'duplicate existing procedures for review of agency action' or 'provide additional judicial remedies in situations where Congress has provided special and adequate review procedures.'" *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 846 F.3d 1235, 1244 (D.C. Cir. 2017) ("*CREW*") (quoting

---

[2] The government does not dispute that these alleged injuries are fairly traceable to ICE's rule and redressable in court. They plainly are, given the allegation that the rule has been the county's justification for denying access to records and that the relief sought, vacatur of the rule, would permit disclosure of the records. *See* ECF No. 1 ¶¶ 41–42, 45, 48, 56–58, 86.

5

*Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988)). However, courts must not construe this provision "to defeat the [APA's] central purpose of providing a broad spectrum of judicial review of agency action." *Bowen*, 487 U.S. at 903. Courts accordingly look for "clear and convincing evidence of legislative intent to create a special, alternative remedy and thereby bar APA review," such as "an independent cause of action or an alternative review procedure." *CREW*, 846 F.3d at 1244–45 (cleaned up). "[T]he alternative remedy need not provide relief *identical* to relief under the APA" but must provide "relief of the same genre." *Id.* at 1245 (cleaned up). The APA is not displaced where an alternative remedy would offer only "doubtful and limited relief." *Bowen*, 487 U.S. at 901.

Here, FOIA does not provide an adequate alternative remedy for the ACLU's claims. The ACLU is not asking the court to compel the disclosure of records by a federal agency—the primary remedy available under FOIA. *See* 5 U.S.C. § 552(a)(4)(B) (providing a cause of action to enjoin agencies "from withholding agency records and to order the production of any agency records improperly withheld"). Nor is the ACLU asking the court to otherwise compel compliance with FOIA. *See Nat'l Sec. Couns. v. CIA*, 898 F. Supp. 2d 233, 264–265 (D.D.C. 2012) (explaining that FOIA enables courts to provide certain equitable remedies for "failure to abide by the terms of the FOIA" (quoting *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988))). Rather, the ACLU is asking the court to review the legality of a final agency rule that prohibits state and local entities from disclosing certain records (namely, those related to ICE detainees). ECF No. 1 ¶¶ 86, 89. That is a quintessential APA challenge, and FOIA does not provide any remedy "of the same genre." *CREW*, 846 F.3d at 1245 (cleaned up); *see also Nat'l Sec. Couns.*, 898 F. Supp. 2d at 264–265 (describing the scope of judicial remedies available under FOIA as limited to ordering production of records and otherwise compelling compliance with FOIA).

To be sure, courts have recognized FOIA can be preclusive of an APA claim in certain circumstances—namely, when the plaintiff brings an APA claim to compel an agency to disclose records. In *CREW*, for example, the plaintiff brought an APA action to compel the Office of Legal Counsel to make certain records publicly available. 846 F.3d at 1240–41. The D.C. Circuit expressed "little doubt that FOIA offers an 'adequate remedy' within the meaning of section 704." *Id.* at 1245. It explained that FOIA provides a cause of action to compel disclosure of the relevant records and, although there was "some mismatch" between the scope of disclosure the plaintiff sought and the relief available under FOIA, there was not such a "yawning gap" that FOIA was rendered an inadequate remedy. *Id.* at 1246. Similarly, in *Electronic Privacy Information Center v. Internal Revenue Service*, 910 F.3d 1232 (D.C. Cir. 2018), the circuit held that FOIA precluded an APA claim to compel the IRS "to process the [plaintiff's] FOIA requests and to disclose all nonexempt records." *Id.* at 1244; *see also Montgomery v. IRS*, 40 F.4th 702, 716 (D.C. Cir. 2022) (explaining APA claim was precluded because plaintiff sought release of documents, which is available under FOIA); *Powell v. Yellen*, No. 22-5200, 2023 WL 8947132, at *2 (D.C. Cir. 2023) (same). Other judges in this district have accordingly found APA claims precluded when they seek to compel an agency to disclose records. *See, e.g.*, *Am. First Legal Found. v. U.S. Fed. Trade Comm'n*, No. 23-cv-2765, 2024 WL 3967243, at *3 (D.D.C. Aug. 25, 2024).

But, as explained, here the ACLU does not bring an APA claim to compel ICE to release any records. Indeed, as alleged, the records at issue are maintained by county jails, not a federal agency that would be subject to FOIA in the first place. ECF No. 1 ¶¶ 4–6, 21, 52, 66, 86 (alleging ICE's rule prevents access to records in the possession of county jails, and specifically seeking relief with respect to "local records that ICE does not possess"); *see Jackson v. Hood*, No. 13-cv-1194, 2013 WL 3965132, at *1 (D.D.C. Aug. 2, 2013) ("It is beyond question that FOIA applies

7

only to federal and not to state agencies." (cleaned up)). The ACLU does not ask the court to compel ICE to produce those or any other records; it asks the court to review the legality of an agency rule governing what state and local entities may do with certain records. FOIA does not provide that remedy, and the APA does. *See CREW*, 846 F.3d at 1242 (observing that "federal courts have no authority to order the production of records no longer in an agency's possession" through FOIA (quotation marks omitted) (quoting *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980))).[3]

## III. Conclusion

For these reasons, the court denies the government's motion to dismiss.

_____

AMIR H. ALI
United States District Judge

Date: March 19, 2026

---

[3] The government argues that the ACLU's past and ongoing FOIA cases support its argument that FOIA provides an adequate remedy. ECF No. 21 at 6–7; ECF No. 26 at 2–3. But, as alleged, the relevant records are maintained by state and local entities and the ACLU seeks disclosure by those entities, not ICE. ECF No. 1 ¶¶ 4–6, 21, 52, 66, 86. To the extent the government seeks to argue that ICE can obtain and control these records, it is free to develop those facts as the case progresses. But at this stage, the court cannot conclude that FOIA provides an adequate alternative for the remedy that the ACLU seeks. *See Aguiar v. DEA*, 865 F.3d 730, 735 (D.C. Cir. 2017) (observing that FOIA applies only to documents that "an agency both (1) creates or obtains, *and* (2) controls at the time the FOIA request was made" (cleaned up)).